UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED SPECIALTY INSURANCE
COMPANY,

                  Plaintiff,

       -v-

TABLE RUN ESTATES INC., et al.,
                  Defendants.

18-CV-5848 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

In this action brought under the Declaratory Judgment Act, 28 U.S.C. § 2201, Plaintiff United Specialty Insurance Company ("United") seeks a judicial declaration that, among other things, it has no contractual duty to defend or indemnify Defendants Table Run Estates Inc. ("Table Run"), Condetta Brown Desgoutte, or Steve Desgoutte (collectively, the "Table Run Defendants") in a state-court lawsuit that has been filed against them by Defendant Esperanza Perez. (*See* Dkt. No. 18 ("Compl.") ¶¶ 1–6.) The Table Run Defendants have now moved to dismiss the claims against them for insufficient service of process. (Dkt. No. 36.) United has opposed the motion and filed a cross-motion that seeks an extension of time to serve Steve Desgoutte, as well as leave to serve him via counsel. (Dkt. No. 50.) For the reasons that follow, the Table Run Defendants' motion to dismiss is denied and United's cross-motion is granted.

I.      **Background**

On January 9, 2015, Defendant Perez filed a state-law tort action (the "*Perez* Action") against the Table Run Defendants in New York Supreme Court, Bronx County. (Dkt. No. 18-2.) After the Table Run Defendants failed to comply with certain discovery orders issued in that action, the state court struck their answer to Perez's complaint and authorized Perez to file for an

1

inquest.  (Dkt. No. 18-7.)  Ultimately, a judgment against the Table Run Defendants in the amount of $2,203,288.20 was filed in the *Perez* Action on April 13, 2018.  (Dkt. No. 18-9.)

Shortly thereafter, United—which had issued an insurance policy to Table Run (Dkt. No. 18-1)—received notice of the judgment in the *Perez* Action.  (Dkt. No. 18-10.)  According to United, it had not previously been aware of Perez's claims or the *Perez* Action.  (Compl. ¶ 28.) But, United maintains, once it first learned of the action on April 26, 2018, it began to defend the Table Run Defendants subject to a partial disclaimer of coverage.  (Compl. ¶¶ 28–31.)

On June 28, 2018, United filed the present lawsuit in this Court against Perez and the Table Run Defendants.  (Dkt. No. 1.)  In this action, United seeks a declaratory judgment that the terms of the policy it issued Table Run do not require it to defend or indemnify the Table Run Defendants in the *Perez* Action and that it is entitled to recoup any expenses it has thus far incurred in providing a defense.[1]  (Compl. ¶¶ 36–56.)  Soon after initiating this lawsuit, United filed affidavits indicating that it had served the complaint on each of the defendants no later than August 8, 2018.  (Dkt. Nos. 24–28.)  But by September 4, 2018, no defendant had yet entered an appearance or responded to the complaint, and this Court accordingly issued an order suggesting that the defendants might be in default.  (Dkt. No. 29.)

Likely spurred by the Court's order, the defendants soon surfaced.  On October 22, 2018, the Table Run Defendants filed a motion to dismiss pursuant to Federal Rule of Civil

---

[1] This Court has subject-matter jurisdiction over United's suit pursuant to 28 U.S.C. § 1332(a)(1), which provides for federal jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."  28 U.S.C. § 1332(a)(1).  United is a citizen of Delaware and Texas, whereas Defendants are all citizens of New York (Compl. ¶¶ 10–13), and the underlying amount in controversy exceeds $75,000 (*see* Compl. ¶¶ 3, 15).

Procedure 12(b)(5), arguing that Table Run and Steve Desgoutte had not been properly served.[2] (Dkt. No. 36; *see also* Dkt. No. 38 at 2–7.)  United opposed the motion on November 16, 2018, arguing that Table Run had indeed been properly served (Dkt. No. 53 at 4–7), and filing a cross-motion for an extension of time to serve Steve Desgoutte and for leave to serve him through his counsel (Dkt. No. 50).  The Table Run Defendants have filed no further briefing in support of their own motion or in opposition to United's, and the motions are now fit for resolution.

## II.    Legal Standard

Under Federal Rule of Civil Procedure 4, a plaintiff who has initiated a civil action must serve each defendant with a summons and a copy of the complaint within ninety days after the complaint is filed with the court.  Fed. R. Civ. P. 4(c)(1), (m).  If a plaintiff fails to effect timely service on a particular defendant, the court must either "dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  If the plaintiff "shows good cause for the failure" to effect timely service, however, "the court *must* extend the time for service for an appropriate period."  *Id.* (emphasis added).

Where a defendant seeks to raise the defense of insufficient service of process, Federal Rule of Civil Procedure 12(b)(5) authorizes the defendant to file a motion to dismiss on that basis prior to filing an answer.  Fed. R. Civ. P. 12(b)(5).  A plaintiff who is faced with a motion to dismiss under Rule 12(b)(5) "bears the burden of proving adequate service."  *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010) (quoting *Burda Media, Inc. v. Viertel*, 417 F.3d

---

[2] Perez and Condetta Desgoutte, for their parts, answered United's complaint on September 14, 2018, and October 22, 2018, respectively.  (Dkt. Nos. 31, 39.)  In addition, Condetta Desgoutte interposed counterclaims against United (Dkt. No. 39 ¶¶ 70–83), which United answered on November 16, 2018 (Dkt. No. 54).

292, 298 (2d Cir. 2005)). Barring any federal law to the contrary, a plaintiff who has filed suit in federal district court properly effects service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In assessing whether a plaintiff has established proper service, a court "must look[] to matters outside the complaint." *George v. Prof'l Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016) (alteration in original) (quoting *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 320 (S.D.N.Y. 2016)).

## III.    Discussion

As noted, the Table Run Defendants maintain that United failed to properly serve Table Run (*see* Dkt. No. 38 at 2–4) and Steve Desgoutte (*see* Dkt. No. 38 at 4–7). In response, United argues that it did indeed properly serve Table Run (*see* Dkt. No. 53 at 4–7) and that it should be granted an extension of time to serve Steve Desgoutte and leave to serve him through his counsel (*see* Dkt. No. 53 at 7–10). The Court addresses service on each of these two defendants in turn.[3]

### 1.    Service on Table Run

Under New York law, a New York corporation such as Table Run (*see* Compl. ¶ 11) may be served through New York's Secretary of State (the "Secretary"). *See* N.Y. Bus. Corp. Law § 306(b)(1) (detailing the process for serving the Secretary "as agent of a domestic or authorized foreign corporation"); N.Y. C.P.L.R. § 311(a)(1) (specifying that a business corporation "may . . . be served" through that process); *see also Arch Ins. Co. v. Goldens Bridge Fire Dep't*, No. 16 Civ. 9921, 2018 WL 1725225, at *2 (S.D.N.Y. Apr. 6, 2018) (noting that the Secretary "is the

---

[3] Condetta Desgoutte joins the Table Run Defendants' Rule 12(b)(5) motion (*see* Dkt. No. 36), but she makes no argument that United failed to properly effect service on her (*see generally* Dkt. No. 38). Indeed, she has filed an answer that nowhere asserts improper service as an affirmative defense. (Dkt. No. 39 ¶¶ 57–69.) Thus, to the extent that Condetta Desgoutte seeks to dismiss the claims against her pursuant to Rule 12(b)(5), her motion is denied.

designated agent for service of process for registered New York corporations"). If a plaintiff elects this method of service, service "shall be complete" when the plaintiff "deliver[s] to and leav[es] with the [Secretary] or a deputy, or with any person authorized by the [Secretary] to receive such service, at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee." N.Y. Bus. Corp. Law § 306(b)(1). It then falls to the Secretary to send copies of the relevant documents to the corporation. *Id.*

Here, United's affidavit of service attests that United properly served the summons and complaint on Table Run on July 30, 2018, by delivering two copies of each, along with the required fee, to a clerk authorized to accept service at the Secretary's office in Albany. (Dkt. No. 26.) And Table Run, for its part, does not challenge that account. Instead, it argues only that United has produced no evidence that the Secretary ever actually mailed a copy of the summons and complaint to Table Run or that any individual authorized to accept process on behalf of Table Run otherwise received those materials from the Secretary. (Dkt. No. 38 at 2–4.)

Table Run's arguments are unavailing. Critically, Table Run overlooks that the agent upon whom United effected service was *herself* authorized to accept process on Table Run's behalf. *See N.Y.C. Dist. Council of Carpenters Pension Fund v. G&M Drywall Sys. Inc.*, No. 07 Civ. 1969, 2010 WL 2291490, at *15 (S.D.N.Y. June 1, 2010) ("By operation of law, every New York corporation is deemed to have authorized the Secretary of State to receive service on its behalf."). Thus, by serving the Secretary's authorized agent according to the statutorily approved method, United properly served Table Run regardless of whether the Secretary then complied with her own statutory duty to mail the relevant documents on to Table Run. *See, e.g.*, *Shanker v. 119 E. 30th, Ltd.*, 881 N.Y.S.2d 98, 99 (App. Div. 1st Dep't 2009) ("Jurisdiction [is] obtained over [a] corporate defendant by service of process on the Secretary of State irrespective

5

of whether the process ever actually reache[s] [that] defendant."); N.Y. Bus. Corp. Law § 306(b)(1) (providing that "[s]ervice of process on [a] corporation shall be complete" when the plaintiff effects proper service on the Secretary).

Table Run cites no authority that calls this reasoning into question. To be sure, it notes that the state court in the *Perez* Action has ordered a traverse hearing to consider whether to vacate the default judgment entered against the Table Run Defendants, based in part on the Table Run Defendants' claim "that [Perez's] affidavit of service upon the Secretary of State failed to state that the Summons and Complaint [in the *Perez* Action] w[ere] subsequently mailed to Table Run Estates and that service was not made upon a person authorized to accept service on behalf of [Table Run]." (Dkt. No. 37-4 at 9; *see also* Dkt. No. 38 at 2–3.) But to the extent that the *Perez* court has suggested that properly serving the Secretary with a lawsuit filed against a New York corporation is inadequate to effect service on the corporation if the corporation receives no notice of the suit, the suggestion runs counter to a wealth of contrary authority. *See, e.g.*, *Swift Spinning Mills v. B&H Apparel*, No. 00 Civ. 652, 2003 WL 942610, at *1 (S.D.N.Y. Mar. 6, 2003) ("Under New York law, . . . service on the Secretary of State [is] lawful, valid service."); *Pryor v. Witter*, 946 N.Y.S.2d 573, 573 (App. Div. 1st Dep't 2012) (recognizing that "[p]ersonal jurisdiction was obtained over" a corporate defendant "by plaintiffs' delivery of a copy of the summons and complaint to the office of the Secretary of State in accordance with" the statutory requirements, even if the defendant "did not receive notice of the action from the Secretary").

Thus, while a New York corporation's lack of actual notice of a lawsuit filed against it might be relevant to determining whether to vacate a default judgment entered against it in that lawsuit, *see 203 E. Post Rd., LLC v. AMRA Elec. Corp.*, 19 N.Y.S.3d 847, 848–49 (App. Div. 2d Dep't 2015), it does not require dismissal of the claims against that corporation where service

has been properly effected on the Secretary. The Court therefore denies the Table Run Defendants' motion to dismiss the claims against Table Run.

### 2. Service on Steve Desgoutte

To effect service on a natural person under New York law, a plaintiff may, among other things, "deliver[] the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and . . . mail[] the summons to the person to be served at his or her last known residence." N.Y. C.P.L.R. § 308(2). Here, United attempted to serve Steve Desgoutte through this statutory option. According to the relevant affidavit of service, United attests that it delivered the summons and complaint to a tenant residing at 1725 Mansion Street in the Bronx—which United believed to be Steve Desgoutte's last known residence and usual place of abode—on August 6, 2018, and then proceeded to mail copies of those documents to that same address. (Dkt. No. 25.)

The Table Run Defendants, however, contend that service was ineffective because 1725 Mansion Street was not, in fact, Steve Desgoutte's place of abode at any relevant time. (Dkt. No. 38 at 4–7; *see also* Dkt. No. 55-6 ¶¶ 7–8.) Thus, they explain, even if 1725 Mansion Street was United's last known address for Steve Desgoutte—and was therefore an appropriate destination for the *mailed* copies of the summons and complaint—it was not the proper place to effect the *delivery* portion of the statutory mechanism by which United elected to attempt service. (Dkt. No. 38 at 5–6)

United does not disagree. Rather than attempt to argue that its initial attempt to serve Steve Desgoutte was sufficient, it points to the efforts it has made to serve him since learning of his actual place of residence during this litigation. (Dkt. No. 53 at 7–10.) Days after the Table Run Defendants filed their motion to dismiss this action, United procured an amended summons that reflected Steve Desgoutte's current address at 900 Bronx Park South (Dkt. No. 47; *see also*

Dkt. No. 55-6 ¶ 7) and unsuccessfully attempted on three separate occasions to serve it on Steve

Desgoutte at that address (*see* Dkt. No. 51-4).  During the last of these attempts, a tenant at the

apartment in which Steve Desgoutte claims to live professed not to know Steve Desgoutte.  (*Id.*)

Ultimately, on November 1, 2018, United ceased attempting service at 900 Bronx Park South.

(*Id.*)  Instead, United now seeks the Court's leave to effect service on Steve Desgoutte through

his counsel.  (Dkt. No. 50.)

New York law authorizes a court to direct an alternative manner of service where the

statutory options prove "impracticable."  N.Y. C.P.L.R. § 308(5).  To establish impracticability,

though, a plaintiff need not demonstrate that it has made "prior attempts to serve a party under

each and every method provided" by New York law.  *State St. Bank & Tr. Co. v. Coakley*, 790

N.Y.S.2d 412, 413 (App. Div. 2d Dep't 2005) (quoting *Astrologo v. Serra*, 659 N.Y.S.2d 481,

482 (App. Div. 2d Dep't 1997)).  Notwithstanding United's "numerous actual attempts to serve"

Steve Desgoutte, *Shamoun v. Mushlin*, No. 12 Civ. 3541, 2013 WL 91705, at *2 (S.D.N.Y. Jan.

8, 2013), he has managed to avoid service "despite being in communication with both the court

and [United] through his attorneys," *Tishman v. The Associated Press*, No. 05 Civ. 4278, 2006

WL 288369, at *1 (S.D.N.Y. Feb. 6, 2006).  Particularly given Steve Desgoutte's refusal to

waive service despite his admission that he is already "aware of the[se] proceedings" (Dkt. No.

38 at 6; *see also* Dkt. No. 51-1), the Court concludes that continued efforts to pursue the

statutory means of service are impracticable under the "facts and circumstances of [this]

particular case," *Rampersad v. Deutsche Bank Sec., Inc.*, No. 02 Civ. 7311, 2003 WL 21073951,

at *1 (S.D.N.Y. May 9, 2003); *see, e.g.*, *Kelly v. Lewis*, 632 N.Y.S.2d 186, 186–87 (App. Div. 2d

Dep't 1995) (finding impracticability after plaintiff made three separate, failed attempts to serve

defendant at his last known residence).  Indeed, Steve Desgoutte makes no argument to the contrary.

The Court therefore grants United's motion to permit a substitute method of service and orders that Steve Desgoutte's counsel of record in this action accept service on his behalf.  And although more than ninety days have elapsed since United filed this case, the Court concludes in its discretion that an extension of time to effect service on Steve Desgoutte is warranted in light of United's diligent efforts to effect service and Steve Desgoutte's actual knowledge of the claims against him.  United shall therefore have fourteen days following the date of this opinion to effect service on Steve Desgoutte through his counsel.  Finally, as a consequence of these holdings, the Table Run Defendants' motion to dismiss the claims against Steve Desgoutte for failure to effect proper service is denied as moot.[4]

## IV.    Conclusion

For the foregoing reasons, the Table Run Defendants' motion to dismiss is DENIED and United's cross-motion for an extension of time to serve Steve Desgoutte and for leave to serve him through his counsel of record in this case is GRANTED.  United shall effect service on Steve Desgoutte, through his counsel, within fourteen days of the date of this order.  Defendant Table Run shall answer the complaint within twenty-one days of the date of this order, and Defendant Steve Desgoutte shall answer the complaint within twenty-one days after service.

---

[4] As an aside, the Table Run Defendants "note" that the Civil Cover Sheet United has filed in this action is "defective" because it fails to list an address for Steve Desgoutte.  (Dkt. No. 38 at 6; *see also* Dkt. No. 2.)  United has responded that this supposed defect is attributable to the limited space that this Court's electronic template allows for entering defendants' addresses. (*See* Dkt. No. 52.)  Whatever the case, the Table Run Defendants have not explained what bearing this point has on their motion to dismiss, and the Court concludes that it is irrelevant.

The Clerk of Court is directed to close the motions at Docket Numbers 36 and 50.

SO ORDERED.

Dated: May 30, 2019
       New York, New York

_____
J. PAUL OETKEN
United States District Judge