UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

UNITED SPECIALTY INSURANCE COMPANY,

                    Plaintiff,

        -against-

TABLE RUN ESTATES, INC.,  CONDETTA BROWN
DESGOUTTE a/k/a CONDETTA DESGOUTTE,
STEVE DESGOUTTE and ESPERANZA PEREZ,

                    Defendants.

------------------------------------------------------------------------X

Civil Action No.:  18-cv-05848
(JPO)

**CIVIL CASE
MANAGEMENT PLAN
AND SCHEDULING ORDER**

       This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.    All parties [consent _____ / do not consent ___X___ ] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. §636(c).  The parties are free to withhold consent without adverse substantive consequences. [If all parties consent, the remaining paragraphs need not be completed.]

2.    Settlement discussions [have _____ / have not ___X___ ] taken place.

3.    The parties [have _____ / have not ___X___ ] conferred pursuant to Fed. R. Civ. P. 26(f).

4.    Amended pleadings may not be filed and additional parties may not be joined, except with leave of the Court.  Any motion to amend or to join additional parties shall be filed within ___30___ days from the date of this Order.  [Absent exceptional circumstances, thirty (30) days.]

5.    Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than ___14___ days from the date of this Order.  [Absent exceptional circumstances, fourteen (14) days.]

6.    Fact Discovery

    a.    All fact discovery shall be completed no later than ~~January 3,~~ *March 31,* 2020 .  [A period not to exceed one hundred twenty (120) days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]

    b.    IInitial requests for production of documents shall be served by _October 4, 2019_ .

    c.    Interrogatories shall be served by _October 4, 2019_ .

d.   Depositions shall be completed by  December 20, 2019 .

e.   Requests to admit shall be served by  November 15, 2019 .

f.   Any of the deadlines in paragraphs 6(b) through 6(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 6(a)

7.   Expert Discovery      , May 1, 2020

a.   All expert discovery, including expert depositions, shall be completed no later than February 19, 2020 .   [Absent exceptional circumstances, a date forty-five (45) days from the date in paragraph 6(a)  (i.e., the completion of all fact discovery.)]

b.   Plaintiff's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made on or before  December 13, 2019 .

c.   Defendant's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made  on or before   January 13, 2019 .

d.   The interim deadlines in paragraphs 7(b) and 7(c) may be extended by the written consent of all parties without application to the Court, provided that expert discovery is completed by the date set forth in paragraph 7(a).

8.   All motions and applications shall be governed by the Court's Individual Practices.

9.   All counsel must meet in person to discuss settlement within fourteen (14) days following the close of fact discovery.

10.   a.   Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:

It is the position of plaintiff's counsel that settlement discussions at this juncture are futile.

b.   Counsel for the parties have discussed the use of the following alternative dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate resolution mechanism for this case:

Counsel for the Table Run Defendants would be willing to participate in any ADR mechanisms that the Court thinks useful.  Moreover, plaintiff's counsel feels that settlement discussions at this juncture are futile.

c.    Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 10(b) be employed at the following point in the case (e.g., within the next sixty (60) days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

See response to 10.b. above.

d.    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11.    Unless otherwise ordered by the Court, any summary judgment motion shall be filed within fourteen (14) days of the close of all discovery. The parties shall submit a Joint Pre-Trial Order prepared in accordance with Fed. R. Civ. P. 26(a)(3) and the Court's Individual Practices within thirty (30) days of a decision on such motion. If no motion for summary judgment is filed, the parties shall file the Joint Pre-Trial Order within thirty (30) days of the close of discovery. Any motions in limine shall be filed on or before the date on which the Joint Pre-Trial Order is due. If this action is to be tried before a jury, proposed voir dire, jury instructions, and verdict form shall also be filed on or before the Joint Pre-Trial Order due date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Joint Pre-Trial Order due date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted on or before the Joint Pre-Trial Order due date.

12.    The parties shall be ready for trial on  June 5, 2020 . [Absent exceptional circumstances, a date within two (2) weeks following the Final Pre-Trial Order due date.]

13.    This case [is    X    / is not _____] to be tried to a jury.

14.    Counsel for the parties have conferred and their present best estimate of the length of trial is five (5) days at minimum .

15.    Other issues to be addressed at the Initial Pre-Trial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

Counsel for the Parties:

Maria T. Ehrlich, Esq.
MARSHALL CONWAY BRADLEY GOLUB & WEISSMAN, P.C.
Attorneys for Plaintiff/ Counterclaim Defendant
UNITED SPECIALTY INSURANCE COMPANY
45 Broadway, Suite 740
New York, New York 10006

Irwin J. Weinstein, Esq.
BURNS & HARRIS
Attorneys for Defendant
ESPERANZA PEREZ
233 Broadway, Suite 900
New York, New York 11801

Jean Claude Mazzola, Esq.
MAZZOLA LINDSTROM, LLP
Attorneys for Defendants
TABLE RUN ESTATES, INC.,
CONDETTA BROWN DESGOUTTE
a/k/a CONDETTA DESGOUTTE
and STEVE DESGOUTTE
733 Third Avenue, 15th Floor
New York, New York 10017

The next Case Management Conference is scheduled for _April 3, 2020_ at _11:00 a.m._

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as provided in paragraph 6(f) and 7(d) shall be made in a written application in accordance with the Court's Individual Practices and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

SO ORDERED.

J. PAUL OETKEN
United States District Judge

Dated: _9/6/19_
New York, New York