# MARSHALL CONWAY BRADLEY GOLLUB & WEISSMAN

A PROFESSIONAL CORPORATION
45 BROADWAY – SUITE 740
NEW YORK, NEW YORK 10006
TELEPHONE: (212) 619-4444
TELECOPIER: (212) 962-2647
e-mail: mcw@mcwpc.com

| | | | |
|---|---|---|---|
| JEFFREY A. MARSHALL<br>ROBERT J. CONWAY<br>CHRISTOPHER T. BRADLEY<br>MICHAEL S. GOLLUB<sup>Δ</sup><br>AMY S. WEISSMAN*<br>GUY P. DAUERTY<br>LAUREN TURKEL | DANIEL A. ALTER<br>ANGELA BONGIORNO<br>MARIA T. EHRLICH<br>MAX A. FROMENTO<br>GREGORY McGUIRE<br>DAVID A. RICHMAN^ | SHANNON L. SAKS<br>STACEY H. SNYDER*<br>ANDREW S. TAYLOR<br>ROBERT BRADFORD THELANDER*<br>STEVEN M. ZIOLKOWSKI* | **NEW JERSEY OFFICE**<br>2500 Plaza 5<br>Harborside Financial Center<br>Jersey City, New Jersey 07311<br>Telephone: (201) 521-3170<br>Telecopier: (201) 521-3180 |

OF COUNSEL
ANTHONY D. GRANDE*
ANNA E. GABBAY
SAMUEL F. PANICCIA

<sup>Δ</sup>ADMITTED IN CONNECTICUT
^ADMITTED IN WASHINGTON, D.C.
*ADMITTED IN NEW JERSEY

October 30, 2019

**VIA ECF**

Hon. J. Paul Oetken, U.S.D.J.
United States District Court
for the Southern District of New York.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2204
New York, New York 10007

    Re: *United Specialty Ins. Co. v. Table Run Estates Inc., Condetta Brown Desgoutte, a/k/a Condetta Desgoutte, Steve Desgoutte and Esperanza Perez*
       S.D.N.Y.; Civil Action No.: 1:18-cv-05848-JPO
       Our File No.: 085-10096

Dear Judge Oetken:

  We represent Plaintiff United Specialty Insurance Company ("United Specialty") in the captioned action. We herein respond to the October 28, 2019 letter of Table Run Estates Inc., ("Table Run"), Condetta Brown Desgoutte a/k/a Condetta Desgoutte ("Ms. Desgoutte") and Steve Desgoutte ("Mr. Desgoutte")(collectively, "Table Run Defendants") which requests a pre-motion conference to file a motion for summary judgment.

  United Specialty opposes the Table Run Defendants' request to file a motion to have this Court compel United Specialty to provide coverage to the Table Run Defendants in the underlying action captioned as *Esperanza Perez v. Table Run Estates Inc., Condetta Brown Desgoutte a/k/a Condetta Desgoutte, and Steve Desgoutte*, Index No. 20148/2015E, pending in the New York Supreme Court for the County of Bronx ("Underlying Action"). Since this is an

MARSHALL CONWAY BRADLEY GOLLUB & WEISSMAN, P.C.
Re: *United Specialty Ins. Co. v. Table Run Estates, Inc.*
October 30, 2019
Page 2

insurance declaratory judgment action, defendants are basically requesting permission to file a motion for summary judgment. As set forth below, the Table Run Defendants' arguments are meritless and in direct contravention of well-settled New York law.

Under New York's notice-prejudice rule, an insurer must usually show that it was somehow prejudiced by the late notice from the insured. *Castillo v. Prince Plaza, LLC*, 43 Misc. 3d 335, 338, 981 N.Y.S.2d 906, 908 (Sup. Ct. 2014), *aff'd*, 142 A.D.3d 1127, 38 N.Y.S.3d 74 (2d Dep't 2016). However, Insurance Law § 3420 also provides:

....

[c](2)(B)   Notwithstanding subparagraph (A) of this paragraph, an *irrebuttable* presumption of prejudice shall apply if, prior to notice, the insured's liability has been determined by a court of competent jurisdiction or by binding arbitration; or if the insured has resolved the claim or suit by settlement or other compromise.

(emphasis added).

Typically, under New York law, there has been an "irrebuttable presumption of prejudice" that applies when an insurer receives notice of a claim only after the insured's liability has been determined such as in cases where a default judgment has been entered against an insured. *See* N.Y. Ins. Law § 3420(c)(2)(B); *see Montpelier U.S. Ins. Co. v. 240 Mt. Hope Realty Co.*, No. 15-CV-1033 JMF, 2015 WL 6395949, at *3 (S.D.N.Y. Oct. 22, 2015). That is the case herein.

United Specialty filed this declaratory judgment action seeking a declaration that it has no duty to defend or indemnify the Table Run Defendants in the Underlying Action on the grounds that: (i) Esperanza Perez's ("Perez") underlying accident occurred on November 26, 2014; (ii) Perez filed the complaint in the Underlying Action on January 9, 2015; (iii) the Table Run Defendants were properly served a copy of the complaint in January of 2015; (iv) on April 13, 2018, a judgment was entered against the Table Run Defendants in the Underlying Action in the amount of $2,203,288.20; and (v) on April 26, 2018, United Specialty received first notice of this entire matter.

Of significance, the referee in the traverse hearing in the Underlying Action found that the complaint in the Underlying Action was properly served on Ms. Desgoutte and Table Run respectively on January 29, 2015 and January 16, 2015. (Annexed hereto as Exhibit "A" is a copy of the referee's decision concerning the travers hearinge.) Hence, the default judgment in the Underlying Action is still enforceable against Ms. Desgoutte and Table Run. As such, there is an irrebuttable presumption that United Specialty was prejudiced by Ms. Desgoutte's and Table Run's untimely notification of the underlying accident and the Underlying Action. On this basis alone, United Specialty has no duty to defend or indemnify Ms. Desgoutte and Table Run

MARSHALL CONWAY BRADLEY GOLLUB & WEISSMAN, P.C.
Re: *United Specialty Ins. Co. v. Table Run Estates, Inc.*
October 30, 2019
Page 3

in the Action[1]. Accordingly, we submit the Table Run Defendants have no grounds to file a motion for summary judgment seeking a declaration that United Specialty must defend and indemnify Table Run and Ms. Desgoutte in the Underlying Action.

We further direct this court's attention to that part of Insurance Law § 3420 which provides:

....

(2)(A)   In any action in which an insurer alleges that it was prejudiced as a result of a failure to provide timely notice, *the burden of proof shall be on*: (i) the insurer to prove that it has been prejudiced, if the notice was provided within two years of the time required under the policy; or (ii) *the insured, injured person or other claimant to prove that the insurer has not been prejudiced, if the notice was provided more than two years after the time required under the policy.*

(emphasis added).

As such, Table Run and Ms. Desgoutte in this action have the burden to demonstrate that United Specialty was not prejudiced by the untimely notice because Table Run and Ms. Desgoutte notified United Specialty about the accident more than two years after it transpired.

Further, contrary to counsel's assertions, United Specialty is not a party in the Underlying Action. Rather, United Specialty has retained counsel to represent the Table Run Defendants in the Underlying Action.

Counsel also contends that United Specialty has "rejected an offer by Perez to remove any such 'prejudice' by vacating the default". *See* October 29, 2019 letter by the Table Run Defendants at 2. Counsel does not need United Specialty's "permission " to vacate the default. If Perez wants to vacate the $2 plus million default judgment entered against Table Run and Ms. Desgoutte, she is free to do so. United Specialty takes no position in this regard. What is left unsaid is that as a condition precedent to vacating the default, Perez is demanding that United Specialty acknowledge coverage to its insureds – which it will not do and is under no obligation to do so.

United Specialty has properly disclaimed coverage and this entire action is about obtaining a judicial declaration in this regard. Counsel seems to believe that by vacating the default judgment against Table Run and Ms. Desgoutte will somehow magically wipe out the prejudice sustained by United Specialty. It will not. Even if the default judgment is vacated

---

[1] The referee in the traverse hearing found that Mr. Desgoutte was not properly served and dismissed him as a defendant in the action. United Specialty will advise counsel for the Table Run Defendants by November 15, 2019 whether it will dismiss Mr. Desgoutte as a defendant in this action.

MARSHALL CONWAY BRADLEY GOLLUB & WEISSMAN, P.C.
Re: *United Specialty Ins. Co. v. Table Run Estates, Inc.*
October 30, 2019
Page 4

against Table Run and Ms. Desgoutte, the declaratory judgment is still ripe for adjudication. Under New York law, we submit United Specialty has no duty to defend or indemnify Table Run or Ms. Desgoutte in the Underlying Action because they failed to timely notify United Specialty of the occurrence, claim and suit.

For the foregoing reasons, United Specialty respectfully requests that this Court deny the Table Run Defendants' request to file a motion for summary judgment.

Thank you for your attention to this matter.

Respectfully Submitted,

By: Christopher T. Bradley, Esq.


**Via ECF:**

Attention: Alison R. Keenan, Esq.

BURNS & HARRIS
Attorney for Defendant
ESPERANZA PEREZ
233 Broadway, Suite 900
New York, New York 11801


Attention: Jean Claude Mazzola, Esq.
           Hanoch Sheps, Esq.

MAZZOLA LINDSTROM
Attorneys for Defendants
TABLE RUN ESTATES, INC.,
CONDETTA BROWN DESGOUTTE
a/k/a CONDETTA DESGOUTTE
and STEVE DESGOUTTE
733 Third Avenue, 15th Floor
New York, New York 10017