# MAZZOLA LINDSTROM LLP

Hanoch Sheps
hanoch@mazzolalindstrom.com

D: 646.216.8126

December 18, 2019

**Via ECF**

Hon. J. Paul Oetken
United States District Judge
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

**Re: United Specialty Insurance Company v. Table Run Estates Inc. et al**
**Civil Action No. 1 :18-cv-05848-JPO**

Dear Judge Oetken:

We represent defendants Table Run Estates Inc., Condetta Brown Desgoutte a/k/a Condetta Desgoutte, and Steve Desgoutte.

In an effort to obviate motion practice and preserve judicial resources, we hereby request that a conference be held to dispose of the matter before this court, address our counterclaims for attorneys' fees and to compel plaintiff to fulfill its defense and indemnification obligations vis-à-vis defendants. In the interim, we respectfully request that discovery be stayed.

We make this request because earlier today, Judge Donna M. Mills, Justice of the Supreme Court of the State of New York, County of Bronx, issued the annexed order setting aside the underlying default judgment against the defendants and returning the underlying action to active status.

By way of background, this matter arises out of allegations of personal injury in an action before the state court, captioned *Esperanza Perez v. Table Run Estates, Inc., Condetta Brown Desgoutte a/k/a Condetta Desgoutte, and Steve Desgoutte*, bearing Index No. 20148-2015E.

Plaintiff United commenced the instant action on June 28, 2018, seeking a declaratory judgment pursuant to 28 USC § 2201 that it owes no obligation to provide insurance coverage to the defendants for the claims alleged in the underlying action. (ECF Dkt. Nos. 2, 13, 14, 17 and 23, respectively). United previously summarized its view of the instant action as follows:

> The *gravamen* of the DJ Complaint is that United Specialty issued a commercial general liability policy ("Policy") to Table Run for the policy period of February 12, 2014 to February 12, 2016 and Table Run breached its contractual obligations to United Specialty under the Policy by failing to notify United Specialty: (i) as soon as practicable of an "occurrence" -i.e., the underlying accident; (ii) as soon as practicable of the suit in the Underlying *Perez* Action; and (iii) immediately that a judgment was entered in the Underlying Action in the amount of

$2,203,288.20. *See* Mazzola Affirmation, Exhibit B (DJ Complaint at ¶¶ 37-41; 42-48; 49-53). (ECF DKT No. 53, pg. 5).

In essence, United's prosecution rested on a claim of prejudice – *viz*., that it would not have had to indemnify defendants against a default judgment if it had received timely notice of the underlying action. That notwithstanding, United inexplicably rejected multiple offers by plaintiff in the underlying matter to withdraw the default upon confirmation that United would defend and indemnify its insured.

Now that the default has been set aside, there is no basis for United to argue prejudice, not that we agree there ever was any such basis.

To obviate a motion for partial summary judgment, we respectfully request a conference to dispose of the matter pending before the court. The only issue that remains concerns attorneys' fees to be awarded to defendants for having had to mount their own defense of the underlying action and the declaratory judgment action. As noted above, we respectfully request a stay of discovery.

We thank you for your consideration of our request. In the event that the court has any questions or requires any additional information, please contact the undersigned.

If the court believes that a conference is unnecessary and that the defendants should, instead, go forward with their motion for partial summary judgment and attorneys' fees, we request that the court set forth an appropriate motion schedule.

Denied. A stay of discovery is available "for good cause." Fed. R. Civ. P. 26(c). But Defendants' letter fails to make the requisite showing that Plaintiff's ability to investigate or defend the claim has not been materially impaired by Defendants' notice. *See, e.g.*, *Hartford Fire Ins. Co. v. Baseball Office*, 654 N.Y.S.2d 22, 22 (N.Y. App. Div. 1997) (finding prejudice where untimely notice "precluded a timely investigation of defendants' claims and the chance to effect an early settlement"). Nor has Defendants' motion for a stay of discovery been made during the pendency of a dispositive motion. Accordingly, the motion for a stay of discovery is denied. (For similar reasons, the motion for a conference to determine an award of attorney's fees is denied.) As for Defendants' request for a motion schedule, Defendants are directed to Rule 3(E) of this Court's individual practices, under which they may file a motion for summary judgment at any point before fourteen days after of the close of discovery. Upon the filing of any such motion, the default rules for the timing of opposition and reply papers shall govern.

So ordered.
January 7, 2020

J. PAUL OETKEN
United States District Judge