AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

So ordered.
January 5, 2021

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

*J. PAUL OETKEN*
*United States District Judge*

| United Specialty Insurance Company | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:18-cv-05848 (JPO) |
| Table Run Estates Inc., Condetta Brown Desgoutte a/k/a Condetta Desgoutte, Steven Desgoutte et al. | ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:    Brian D. Thomas, 260 Hawthorne Street, A1, Brooklyn, New York 11225

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Marshall Conway Bradley Gollub & Weissman, P.C.<br>45 Broadway, Suite 740<br>New York, NY 10006 | Date and Time: | 1/18/2021 10:00 am |
|---|---|---|---|

The deposition will be recorded by this method:    by a court reporter

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:    See Exhibit A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    1/5/2021

*J. PAUL OETKEN*
*United States District Judge*

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    United Specialty
_____, who issues or requests this subpoena, are:

Maria Ehrlich, Esq., 45 Broadway, Suite 740, New York, NY; (646) 688-7398; mehrlich@mcwpc.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Attachment A
### DEFINITIONS

(a) The full text of the definitions and rules of construction set forth in paragraphs (c) and (d) is deemed incorporated by reference into all document requests. No document request shall use broader definitions or construction than those set forth in paragraphs (c) and (d). This rule shall not preclude (1) the definition of other terms specific to the particular litigation, (2) the use of abbreviations, or (3) a more narrow definition of a term defined in paragraph (c).

(b) This rule is not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.

(c) the following definitions apply to all discovery requests:

(1) **Communication.** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(2) **Document.** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft of non-identical copies is a separate document within the meaning of this term.

(3) **Identify (with respect to persons).** When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4) **Identify (with respect to documents).** When referring to documents, "to identify" means to give, to the extent known, the (i) type of document, (ii) general subject matter, (iii) date of the document, (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

(5) **Concerning.** The term "concerning" means relating to, referring to, describing, evidencing or constituting.

(6) **Underlying Action.** The term "Underlying Suit" means the lawsuit captioned as *Esperanza Perez v. Table Run Estates, Inc., Condetta Brown Desgoutte a/k/a Desgoutte, Steve Desgoutte and Esperanza Perez*, Index No. 20148/2015E, filed in the Supreme Court of the State of New York for the County of Bronx.

(7) **You or Your.** The term "you" or "your" means Brian Dexter Thomas and any person who worked for you in your capacity as an attorney.

(d) The following rules of construction apply to all document requests:

(1) **All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

(2) **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of the scope.

(3) **Number.** The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1. When information or documents are requested, such request includes all information or documents in the possession, custody or control or knowledge of your representatives, agents, servants or attorneys.

2. The documents produced in response to this subpoena shall be produced as they were kept in the usual course of business and shall be organized and labeled to correspond with the specific requests set forth below.

3. If a document responsive to any request is no longer in your possession, custody or control, state what disposition was made of the document and the date of the disposition, and identify all persons having knowledge of the document's contents.

4. If a document responsive to any request is no longer in your possession, concerning a copy of said document has been maintained by your representative, agent or consultant (such as, but not limited to, any of your accountants, auditors, attorneys, financial advisors, or experts), include such document in your production.

5. You are to refrain from destroying any document in your possession, custody or control that is requested herein. If any document responsive to any request has been destroyed, set forth the content of said document, the location of any copies of said document, the date of such destruction, the name of the person who destroyed the document or ordered or authorized such destruction.

6. If you claim any form of privilege or protection or other reason, whether based on statute or otherwise, as a ground for not producing requested documents, describe the nature of the privilege, the basis for asserting it, and furnish a list identifying each privileged meeting, communication, act or document for which the privilege or protection is claimed.

7. If you interpose an objection as to any of the items included in this document request, the nature of the objection should be set forth and explained fully. Insofar as any portion of this document request to which an objection is interposed is not objectionable, that portion should be answered fully.

8. If you contend that it would be unreasonably burdensome to obtain and provide all information called for in response to any request or subpart thereof, then as to that request or subpart, you should:

    a. set forth all information that is available without unreasonable burden; and

    b. describe with particularity the efforts made to secure any information the provision of which you claim would be an unreasonable burden.

9. This request shall be deemed continuing. All responses to this request must be supplemented from time to time as you become aware of additional responsive documents, or as additional responsive documents come into your possession, custody or control

## DOCUMENTS REQUESTED

1. True and accurate copies of all documents in your care, custody, control and/or possession pertaining to the Underlying Action.

2. True and accurate copies of all documents in your care, custody, control and/or possession exchanged between you, on the one hand, and Table Run Estates, Inc., ("Table Run") and/or its officers, regarding your representation of Table Run, Condetta Brown Desgoutte a/k/a Condetta Desgoutte ("Ms. Desgoutte") and/or Steve Desgoutte ("Mr. Desgoutte"), on the other hand, in connection with the Underlying Action.

3. True and accurate copies of any agreement(s) or documents reflecting any agreement(s) between you, on the one hand, and Table Run, Ms. Desgoutte and/or Mr. Desgoutte, on the other hand, in which it was agreed that you would represent or defend Table Run, Ms. Desgoutte and/or Mr. Desgoutte as an attorney in any specific case or in general.

4. True and accurate copies of any agreement(s) or documents reflecting any agreement(s) between you, on the one hand, and Table Run, Ms. Desgoutte and/or Mr. Desgoutte, on the other hand, in which it was agreed that you would represent or defend Table Run, Ms. Desgoutte and/or Mr. Desgoutte as an attorney in connection with the Underlying Action.

5. True and accurate copies of any documents setting forth an explanation as to why you entered an answer on behalf of Table Run, Ms. Desgoutte and Mr. Desgoutte in connection with the Underlying Action

6. True and accurate copies of any documents setting forth an explanation as to why you entered a Notice of Appearance on behalf of Table Run, Ms. Desgoutte and Mr. Desgoutte in connection with the Underlying Action.

7. True and accurate copies of any documents setting forth why you were disbarred.