# MARSHALL CONWAY BRADLEY GOLLUB & WEISSMAN

A PROFESSIONAL CORPORATION
45 BROADWAY – SUITE 740
NEW YORK, NEW YORK 10006
TELEPHONE: (212) 619-4444
TELECOPIER:(212) 962-2647

email: mcw@mcwpc.com

JEFFREY A. MARSHALL
ROBERT J. CONWAY **
CHRISTOPHER T. BRADLEY
MICHAEL S. GOLLUB ᐃ
AMY S. WEISSMAN*
LAUREN TURKEL

OF COUNSEL
ANTHONY D. GRANDE*
ANNA E. GABBAY
SAMUEL F. PANICCIA
DYLAN J. MURPHY*
ARTURO BOUTIN

ᐃADMITTED IN CT.
^ADMITTED IN WASHINGTON, D.C.
*ADMITTED IN N.J
** RETIRED 2020

DANIEL A. ALTER
ANGELA BONGIORNO
LIZA A. CHAFIIAN
ARDINEZ DOMGJONI*
MARIA T. EHRLICH

GREGORY McGUIRE
STACEY H. SNYDER*
ANDREW S. TAYLOR
STEVEN M. ZIOLKOWSKI*

**NEW JERSEY OFFICE**
2500 Plaza 5
Harborside Financial Center
Jersey City, N.J. 07311
Telephone: (201) 521-3170
Telecopier: (201) 521-3180

March 9, 2021

**VIA ECF**

Hon. J. Paul Oetken, U.S.D.J.
United States District Court
for the Southern District of New York.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2204
New York, New York 10007

      Re: *United Specialty Ins. Co. v. Table Run Estates Inc., Condetta Brown Desgoutte, a/k/a Condetta Desgoutte, Steve Desgoutte and Esperanza Perez*
S.D.N.Y.; Civil Action No.: 1:18-cv-05848-JPO
Our File No.:  085-10096

Dear Judge Oetken:

     We represent plaintiff United Specialty Insurance Company ("United Specialty") in the captioned action and once again seek permission from Your Honor to further compel the deposition of Brian Thomas ("Thomas").

MARSHALL CONWAY BRADLEY GOLLUB & WEISSMAN, P.C.
Re: *United Specialty Ins. Co. v. Table Run Estates, Inc.*
March 9, 2021
Page 2

On February 3, 2021, Your Honor issued an Order compelling Thomas to produce certain documents and appear at a virtual deposition on or before February 26, 2021. On February 5, 2021, we drafted a letter to Thomas that enclosed Your Honor's February 3, 2021 Order and instructed Thomas to contact our office to schedule his deposition. On February 10, 2021, our letter and the Court Order were personally served on one of Thomas's relative by a process server. Thomas never responded to our letter.

On February 26, 2021, we received an emailed Affidavit in Lieu of Deposition from Thomas ("Thomas Affidavit"). We enclose for Your Honor's review a true and accurate copy of the Thomas Affidavit as Exhibit 1 to this letter.[1]

The Thomas Affidavit asserts that he has: (i) has "no current knowledge *of this case*"; (ii) has "no recollection of Defendants *in this case*"; (iii) "maintain[s] no documents *related to this case*"; and (iv) "was given no documents *related to this case*". (emphasis added). The document requests in the Court's So-Ordered January 5, 2021 Deposition Subpoena ("So-Ordered Subpoena") have nothing to do with "this case." These representations completely miss the point.

Rather, we demanded that Thomas produce: (i) all true and accurate documents in Thomas's care, custody, control and/or possession in *Esperanza Perez v. Table Run Estates, Inc., Condetta Brown Desgoutte a/k/a Condetta Desgoutte, Steve Desgoutte and Esperanza Perez*, Index No. 20148/2015E, filed in New York Supreme Court, New York County ("Underlying Action"); (ii) copies of agreements between Table Run Estates, Inc., Ms. Desgoutte and Mr. Desgoutte (collectively, the "Table Run Defendants"), on the one hand, and Thomas, on the other hand, in which it was agreed that Thomas would represent the Table Run Defendants in the Underlying Action; and (iii) copies of any documents setting forth an explanation as to why Thomas entered an answer and notice of appearance on behalf of the Table Run Defendants in the Underlying Action.

United Specialty seeks documents and testimony from Thomas pertaining to the Underlying Action and not *this case* (i.e., the declaratory judgment action). Thomas's carefully crafted affidavit (which was drafted by a disbarred lawyer) asserts that he has no documents nor knowledge of *this case*. He does not say anything about *the Underlying Action*. As such, Thomas may very well have knowledge and documents in connection with the Underlying Action that he has not produced to United Specialty.

The Thomas Affidavit contends that: (i) on or round March 2018, Thomas was diagnosed with a chronic heart-related illness and suffered a massive heart-related event that resulted in him being close to death; (ii) he has yet to recover from his illness; (iii) he typed his affidavit from his "hospice-like sick bed"; and (iv) in light of his health status, Thomas's participation in any

---

[1] I had grand jury service in Manhattan criminal court from February 16, 2021 to February 26, 2021. As such, last week I was unable to immediately address the Thomas Affidavit with the Court.

MARSHALL CONWAY BRADLEY GOLLUB & WEISSMAN, P.C.
Re: *United Specialty Ins. Co. v. Table Run Estates, Inc.*
March 9, 2021
Page 3

deposition would constitute a great hardship on his health. We have compassion for Thomas and do not want to cause him any undue hardship. However, Thomas's assertions -- that: (i) he typed his affidavit from his "hospice-like sick bed"; and (ii) his participation in a deposition would constitute a great hardship to his health – are unsupported. Thomas did not provide United Specialty with any medical records substantiating his alleged three year old condition or any other legitimate reason why he cannot testify at the present time.

As articulated in United Specialty's Motion for Civil Contempt and Sanctions, the documents requested by United Specialty in the So-Ordered Subpoena and Thomas's deposition testimony are relevant and important to our prosecution of this action because they pertain to whether the Table Run Defendants authorized Thomas to represent them in the Underlying Action and what efforts he undertook to defend the Underlying Action. As such, United Specialty would still like to take the deposition of Thomas but does not want to cause Thomas any undue discomfort or inconvenience.

As such, United Specialty proposes to conduct a remote virtual deposition from Thomas's bed side that will not impact his health. We will allow all reasonable accomodations to Thomas in this regard.

We respectfully request that the Court once again compel Thomas to appear for a virtual deposition along the lines outlined herein and produce the requested documents in the So-Ordered Subpoena.

We have copied Thomas on this submission.

Thank you for your attention to this matter.

Respectfully Submitted,

By: Maria T. Ehrlich, Esq.

Enclosure

**VIA ECF:**

Attention: Irwin Weinstein, Esq.

BURNS & HARRIS
Attorney for Defendant
ESPERANZA PEREZ
233 Broadway, Suite 900

MARSHALL CONWAY BRADLEY GOLLUB & WEISSMAN, P.C.
Re: *United Specialty Ins. Co. v. Table Run Estates, Inc.*
March 9, 2021
Page 4


New York, New York 11801


Attention:  Jean Claude Mazzola, Esq.
            Hanoch Sheps, Esq.

MAZZOLA LINDSTROM
Attorneys for Defendants
TABLE RUN ESTATES, INC.,
CONDETTA BROWN DESGOUTTE
a/k/a CONDETTA DESGOUTTE
and STEVE DESGOUTTE
733 Third Avenue, 15th Floor
New York, New York 10017

**VIA EMAIL:**

Brian Thomas – brianthomasesq@aol.com