UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED SPECIALTY INSURANCE CO.,

                              Plaintiff,

                    -v -

TABLE RUN ESTATES INC., et al.,

                              Defendants.

18-CV-5848 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Although discovery appears to have been substantially completed in this case, Plaintiff

United Specialty Insurance Co. has been seeking the deposition of a nonparty, Brian Thomas, for

over a year.  As Plaintiff explained in its initial request, "Mr. Thomas is an important witness

because he filed an answer on behalf of the Table Run Defendants in the Underlying Action and

the Table Run Defendants assert that they never sought his representation."  (Dkt. No. 92 at 2.)

Following Mr. Thomas's failure to appear for two court-ordered depositions, Plaintiff has

renewed its motion to compel his deposition, asking the Court to direct the U.S. Marshals

Service to escort Mr. Thomas for a deposition.

After careful review of the record in this case, the Court concludes that compelling Mr.

Thomas's deposition is not warranted.  First, it is unlikely that Mr. Thomas's deposition will

result in relevant and reliable evidence in this case.  In his sworn affidavit dated February 26,

2021, Mr. Thomas avers that (1) he has no knowledge of the case and no documents relating to

the case, and (2) he suffers from a chronic health condition, and (3) he was suspended from the

practice of law in New York in October 2017.  (Dkt. No. 104-1.)  That sworn testimony is either

true or false.  If it is true, a deposition will yield no new information.  If it is false, there is little

reason to believe that his live testimony will be different.

Second, the Court concludes after further consideration that a compelled deposition of Mr. Thomas would not be proportional to the needs of the case, particularly given his health situation and the unlikelihood that such a deposition would yield relevant and reliable evidence.

And finally, the resources of the United States Marshals Service are extremely limited; the Service has been stretched particularly thin duing the Covid pandemic, and its priority is necessarily on its criminal law enforcement function.  To direct the Marshals Service to arrest someone in order to compel a deposition in a civil case is justified in only the most extraordinary of circumstances.  The Court concludes that such action is not justified under the circumstances here.

Accordingly, Plaintiff's renewed motion to compel Brian Thomas to appear for a deposition and produce documents is DENIED.

The parties are directed to confer and to file a joint status letter on or before March 22, 2022, addressing (1) whether the parties wish to be referred to a magistrate judge or the Court's mediation program for a settlement conference, (2) what the parties propose for the next phase of the case, including whether any party intends to file a motion for summary judgment.

The Clerk of Court is directed to close the motion at Docket Number 117.


SO ORDERED.

Dated: February 22, 2022
       New York, New York

J. PAUL OETKEN
United States District Judge